## JONES v. JONES.

1. Proof of a contract by which the plaintiff was to erect a dwelling house,
&c., on lands of the defendant's intestate, and occupy the same free of
charge, during pleasure, or remove from it, the defendant's intestate to
pay for the carpenter's work and materials furnished by the plaintiff, upon
his removal, will warrant a recovery on the common counts, although the
promise and liability is therein stated as arising in the lifetime of the in-
testate.

Writ of error to the County Court of Butler.

Assumpsit, on the common counts, by Joseph Jones against
Frances Jones, as the administratrix of James Jones, for a debt
due from the intestate. The promise to pay is alledged to have
been made by the intestate in his life time, and by the adminis-
tratrix since his death.

At the trial, the plaintiff showed, that in the year 1839 or '40,
an agreement was made between him and the intestate, by which
the plaintiff was to put up a dwelling house, and out houses, on
lands of the intestate, with hands furnished by both; that the
plaintiff was to furnish such lumber and other materials, (that is,
sawed lumber, nails, locks, &c.) as could not be procured from
the forest, by laborers. The plaintiff was to pay for such work
done on the house, and other buildings, as was required to be done
by a carpenter. He was to live in the house, free from charge,

during his pleasure, or remove from it. The intestate was to pay back to the plaintiff, the amount he should expend for carpenter's work, and the amount paid for materials furnished by him. The amount so paid was shown in evidence. It was also proved, that the intestate died in the year 1842 or '3, and that the plaintiff, after the intestate died, removed from the house, before the commencement of the suit.

On this state of proof, the Court charged the jury, that the demand sued for in this case, did not become due until after the intestate's death, and that the plaintiff could recover nothing in this action, because the declaration is, that the demand was due before the death of the intestate.

The plaintiff excepted to this charge, and it is now assigned as error.

WATTS, for the plaintiff in error.
T. J. JUDGE, contra.

GOLDTHWAITE, J.—The charge given the jury is clearly erroneous. The declaration is in the usual form, on the common counts, showing a liability arising out of a contract in the lifetime of the intestate, and a consequent promise to pay. The evidence, it is true, disclosed, that the money paid out by the plaintiff was not to be repaid him by the defendant's intestate, until a certain event happened; and before this event transpired, the intestate died. This state of facts does not differ, in legal effect, from a promise to pay at a future day; and it might as well be insisted, that the death of the promissor before the maturity of his promise, would impose the necessity of declaring in a special manner. The promise is deduced from the liability to pay, and in this case, that existed before the death of the intestate.

Let the judgment be reversed, and the cause remanded.